# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN HEARD, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 08-5494 |
| | : | |
| ST. LUKE'S HOSPITAL, | : | |
|     Defendant | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                                                      June 21, 2010

Ryan Heard filed this action against Saint Luke's Hospital alleging violations of the Americans with Disabilities Act, the Pennsylvania Human Relations Act, and the Family Medical Leave Act. On September 28, 2009, I granted the defendant's motion to dismiss the complaint in its entirety. As the prevailing party,[1] the hospital filed a motion for the award of attorneys' fees and litigation expenses under the ADA. After reviewing the defendant's motion, and the plaintiff's response, I will deny the motion in its entirety.[2]

Under the "fee-shifting provision" of the ADA, 42 U.S.C. § 12205,[3] a district court

---

[1] The Supreme Court held that a party is "prevailing" under a statute allowing the award of attorneys' fees when: (1) a court has entered an enforceable judgment on the merits in the party's favor, or (2) a settlement agreement has been enforced through a court-ordered consent decree. Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res., 532 U.S. 598, 603-604 (2001). Accordingly, because its motion to dismiss was granted, the defendant is a prevailing party.

[2] I write exclusively for the parties who are familiar with the factual context and legal history of this case. Therefore, I will set forth only those facts necessary for the analysis.

[3] This section of the ADA provides: "In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing

(continued...)

is empowered to award attorney's fees to a prevailing party at its discretion. In Christiansburg, the Supreme Court clarified that the standard for awarding attorney's fees to prevailing defendants is not the same as the standard for prevailing plaintiffs. EEOC v. L.B. Foster Co., 123 F.3d 746, 750 (3d Cir. 1997) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). In such a case, the district court may impose fees if the action was "frivolous, unreasonable, or without foundation." Christiansburg, 434 U.S. at 421. The decision to award fees to a prevailing defendant is not based on "hard and fast rules" and should be made on a "case-by-case basis." L.B. Foster Co., 123 F.3d at 751. In determining whether a plaintiff's action was "frivolous, unreasonable, or without foundation," the Third Circuit examines several factors, including whether the plaintiff established a *prima facie* case; whether the defendant offered to settle; whether the trial court dismissed the case prior to trial; whether the question was one of first impression; and whether the plaintiff risked a real threat of injury. Id.; Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001). It is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees. Id.

Many of these factors support the hospital's argument for attorney's fees and costs, particularly that Mr. Heard did not establish a *prima facie* case; that the defendants did not

---

[3](...continued)
party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.

2

offer to settle; and that the issues presented were not novel or of first impression. However, the evidence that Mr. Heard presented illustrates that, on the day following his car accident, he was diagnosed with an impairment, i.e., major depression. This evidence, while inadequate by itself to support a *prima facie* case for employment discrimination based on disability, is sufficient to show that Mr. Heard likely does, in fact, suffer from some sort of medical condition affecting a major life activity, and that his claim cannot therefore be said to be wholly without foundation or frivolous under Christiansburg. Accordingly, I will deny the defendant's motion for attorney's fees and costs under 42 U.S.C. § 12205.

    An appropriate Order follows.